UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILD HORSE EDUCATION, a non-profit corporation; and LAURA LEIGH, individually,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>Defendants. | Case No. 3:23-cv-00372-LRH-CLB<br><br>ORDER |

      Plaintiffs Wild Horse Education and Laura Leigh (collectively, "Wild Horse") have filed a Request for Temporary Restraining Order and Preliminary Injunction. ECF No. 10. Defendants United States Department of Interior, Bureau of Land Management, and Jon Raby (collectively, "BLM") have filed a Motion to Set Schedule for Wild Horse's Request for Temporary Restraining Order and Preliminary Injunction. ECF No. 11. Wild Horse has filed a response in opposition to BLM's motion to set schedule. ECF No. 12. For the reasons articulated herein, the Court reserves ruling on Wild Horse's Request for Temporary Restraining Order and Preliminary Injunction until a hearing is held on the matter. The time and place for the hearing on Wild Horse's Request for Temporary Restraining Order and Preliminary Injunction (ECF No. 10) is set for Wednesday, August 9, 2023, at 9:00 a.m. in Reno Courtroom 4 before District Court Judge Larry R. Hicks. The Court grants BLM's request for a responsive filing deadline of Monday, August 7, 2023. The Court also grants BLM's request that counsel in Washington D.C. appear at the hearing using videoconferencing software and affords Wild Horse the same opportunity.

Wild Horse Education is a national non-profit corporation dedicated to research, journalism, and public education concerning the activities and operations of federal and state management of free-roaming wild horse and burro populations. ECF No. 1 at 3. Laura Leigh is the founder and President of Wild Horse Education and a free-lance photojournalist who works with non-profit organizations engaged in public land issues. *Id.* at 5. Jon Raby is the Nevada State Director for BLM. *Id.* at 6.

In this matter, Wild Horse challenges the BLM's removal of wild horses and burros from the Antelope Complex of Herd Management Areas ("Antelope Complex") in northeastern Nevada ("horse gathers"). *Id.* at 2. On July 26, 2023, Wild Horse filed a Complaint seeking preliminary injunction and declaratory relief. *See generally*, ECF No. 1. The Complaint alleges that BLM's Antelope Complex horse gathers violate the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, *et seq. Id.* at 2. Wild Horse alleges that, beginning on July 9, 2023, BLM performed horse gathers despite extreme heat and temperatures in violation of the standards set forth in the Comprehensive Animal Welfare Policy ("CAWP") which the BLM formally adopted in 2015. *Id.* at 14, 7. Also pertinent here, Wild Horse alleges that BLM has failed to provide Wild Horse with access to the horse gather operations in the Antelope Complex. *Id.* at 15.

On August 1, 2023, Wild Horse requested a temporary restraining order and preliminary injunction against BLM to stop the Antelope Complex horse gathers due to (1) BLM's violations of the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, *et seq.* (2) the inadequacy of the BLM's CAWP, pursuant to the Administrative Procedure Act 5 U.S.C. § 551 *et seq.*, and (3) violations of Wild Horse's First Amendment rights in viewing the horse gathers under the Constitution of the United States. ECF No. 10 at 2. The purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing; its provisional nature is designed to prevent irreparable loss of rights prior to judgment. *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984) (citing *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808–09 (9th Cir. 1963)). Temporary restraining orders are governed by Federal Rule of Civil Procedure 65(b), which states that the moving party must provide specific facts showing that immediate and irreparable injury, loss, or damage will result before the adverse party's

opposition to a motion for a preliminary injunction can be heard. *Ditech Financial LLC v. American West Village II Owners Association*, Case No. 2-17-CV-2164 JCM-GWF, 2017 WL 3610559, at *2 (D. Nev. Aug. 22, 2017) (citing Fed. R. Civ. P. 65(b)). To be entitled to a temporary restraining order, the moving party must demonstrate (1) a likelihood of irreparable injury if preliminary relief is not granted; (2) the balance of hardships weighs in its favor; (3) an injunction (or temporary restraining order in this case) is in the public's interest, and (4) a likelihood of success on the merits. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Wild Horse requests a temporary restraining order for two of the BLM's horse gather trap sites in the Antelope Complex: one in the South and one in the North. ECF No. 10 at 8. Wild Horse presents various arguments in support of its request: (1) BLM conducting the horse gathers in extreme temperatures violates humane handling standards, (2) BLM's handling standards in general are outdated and inadequate, (3) BLM uses helicopters in the presence of foals to perform the horse gathers which is prohibited, and (4) BLM has repeatedly denied Wild Horse access to the Antelope Complex gather traps, violating Wild Horse's First Amendment rights to access and view the traps. *Id.* at 9–14.

The Court acknowledges the urgency of the present matter as BLM's horse gathers are nearing conclusion. However, the Court finds that insufficient evidence has been presented for the issuance of a temporary restraining order or preliminary injunction at this time. The issues cited by Wild Horse are complex and nuanced and require further development before the Court will consider issuing either remedy. Considering timing concerns and the pressing nature of this matter, the Court has cleared its calendar for an immediate evidentiary hearing to be held on Wednesday, August 9, 2023, at 9:00 a.m. The hearing provides both Wild Horse and BLM an opportunity to further develop factual allegations in support of or in opposition to the issuance of a temporary restraining order or preliminary injunction. More specifically, the hearing gives both parties a chance to provide pertinent background on the intricate issues presented.

For the above stated reasons, the Court reserves ruling on Wild Horse's Request for Temporary Restraining Order and Preliminary Injunction until the hearing is conducted. The Court grants BLM's request for a responsive filing deadline of Monday, August 7, 2023. The Court also

grants BLM's request that counsel in Washington D.C. appear at the hearing using videoconferencing software and will afford Wild Horse counsel the same opportunity to appear via videoconferencing software should it desire.

IT IS THEREFORE ORDERED that a Hearing on Wild Horse's Request for Temporary Restraining Order and Preliminary Injunction (ECF No. 10) is set for **Wednesday, August 9, 2023, at 9:00 a.m.** in Reno Courtroom 4 before District Court Judge Larry R. Hicks.

IT IS FURTHER ORDERED that BLM's request for a responsive filing deadline is **GRANTED**. BLM shall file its response no later than Monday, August 7, 2023, at 4:00 p.m.

IT IS FURTHER ORDERED that the request of BLM's counsel in Washington D.C. to appear at the Hearing using videoconferencing software is **GRANTED**. Personal presence is preferred, but both counsel and witnesses may appear by videoconference. Wild Horse is afforded the same opportunity to appear at the Hearing using videoconferencing software should it desire.

IT IS FURTHER ORDERED that the courtroom deputy shall arrange logistics for the videoconference, witnesses, and exhibits.

IT IS SO ORDERED.

DATED this 4th day of August, 2023.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

4