TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

JOSEPH W. CRUSHAM, Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
PETER BROCKER, Trial Attorney (NYS Bar No. 5385448)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145 (Crusham)
Email: joseph.crusham@usdoj.gov
Phone: (202) 305-8636 (Brocker)
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION and LAURA LEIGH, individually, <br><br> *Plaintiffs,* <br><br> v. <br><br> U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JOHN RABY, in his official capacity as Nevada State Director of the Bureau of Land Management, <br><br> *Federal Defendants.* | Case No. 3:23-cv-00372-MMD-CLB <br><br> **FEDERAL DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM ORDER AND JUDGMENT [ECF NO. 51]** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

LEGAL STANDARD ..................................................................................................... 2

ARGUMENT ................................................................................................................. 4

I. Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hicks's
   Dismissal of Claim One with Prejudice. ................................................................... 4

    A. Judge Hicks Held That—Even if Plaintiffs Could Successfully Allege
       the CAWP Standards Are Substantive—Claim One Fails
       Under APA § 706(1) or § 706(2). .................................................................... 5

    B. Plaintiffs' Immaterial Arguments Challenging Judge Hicks's Conclusion
       That They Failed to Allege the CAWP Standards are Substantive Rules Lack Merit. ........ 7

      i. Judge Hicks Made No Mistake—He Understood and Properly
        Construed Plaintiffs' Deficient Allegations. ....................................................... 7

      ii. The Supposed "New Evidence" Cited by Plaintiffs is Not New
        and—Regardless—it Casts No Doubt on Judge Hicks's Decision. ............................ 8

    C. Plaintiffs Cannot Show Relief is Warranted under Rule 60(b)(6). ............................ 12

II. Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hicks's
    Dismissal of Claim Two with Leave to Amend. ....................................................... 13

III. Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hicks's
     Dismissal of Claim Three with Leave to Amend. ..................................................... 15

IV. Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hick's
     Dismissal of Claim Four with Leave to Amend, and No Clarification is Needed. ............... 17

V. Plaintiffs' Failure to File a Second Amended Complaint by the Deadline
   Set by Judge Hicks Warrants Dismissal of Remaining Claims with Prejudice. .................. 17

CONCLUSION ............................................................................................................. 19

i

1

2

### TABLE OF AUTHORITIES

3

**Cases**                                                          **Page(s)**

4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................. 6, 14

5

6

*Cassidy v. Tenorio*,
856 F.2d 1412 (9th Cir. 1988) ....................................................................................... 2

7

8

*Christian v. United States*,
No. 2:23-cv-01300-JAD-NJK, 2023 WL 8877808 (D. Nev. Dec. 21, 2023)............................. 3

9

10

*Colwell v. HHS*,
558 F.3d 1112 (9th Cir. 2009) .................................................................................... 12

11

12

*Delay v. Gordon*,
475 F.3d 1039 (9th Cir. 2007) ........................................................................... 4, 12, 13

13

14

*Earth Island Inst. v. U.S. Forest Serv.*,
87 F.4th 1054 (9th Cir. 2023) ................................................................................ 15, 16

15

*Freeman v. Field Serv. Agents*,
No. 2:21-cv-01827-MMD-CSD, 2022 WL 16575644 (D. Nev. Oct. 31, 2022) .......... 3, 8, 9, 12

16

17

*Gamson v. Kravitz, Schnitzer & Sloane Chod.*,
No. 2:03-CV-01328-KJD-PAL, 2006 WL 8445792 (D. Nev. Feb. 16, 2006) ....................... 3

18

*Green v. Samples*,
No. 2:19-cv-02006-CDS-VCF, 2022 WL 2533531 (D. Nev. July 6, 2022).................. 6, 12, 14

19

20

*Hells Canyon Pres. Council v. U.S. Forest Serv.*,
593 F.3d 923 (9th Cir. 2010) ............................................................................. 5, 6, 13

21

22

*Hoctor v. U.S. Dep't of Agric.*,
82 F.3d 165 (7th Cir. 1996) ......................................................................................... 12

23

24

*Huang v. Small Bus. Admin.*,
No. 22-cv-03363-BLF, 2022 WL 3017521 (N.D. Cal. July 29, 2022)................................... 13

25

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
460 F.3d 1217 (9th Cir. 2006) ...................................................................................... 19

26

27

*Khakh v. Sidhu*,
No. 2:22-cv-00519-CDS-EJY, 2023 WL 8933589 (D. Nev. Dec. 22, 2023)........................... 19

28

*Leigh v. Raby*,
   No. 3:22-cv-00034-MMD-CLB, 2023 WL 2717327 (D. Nev. Mar. 30, 2023).........................9

*Lin v. City of Perris*,
   No. ED-CV-19-966-DMG (SPx), 2020 WL 5507546 (C.D. Cal. Aug. 13, 2020) ..................18

*Mada-Luna v. Fitzpatrick*,
   813 F.2d 1006 (9th Cir. 1987) ........................................................................12

*Malone v. United States Postal Serv.*,
   833 F.2d 128 (9th Cir. 1987) ..........................................................................18

*Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*,
   571 F.3d 873 (9th Cir. 2009) ...........................................................................3

*Montgomery v. Las Vegas Metro. Police Dep't*,
   No. 2:11-cv-02079-MMD-PAL, 2014 WL 202146 (D. Nev. Jan. 16, 2014) ..................3, 5

*Mt. Graham Red Squirrel v. Madigan*,
   954 F.2d 1441 (9th Cir. 1992) ...........................................................................2

*Scott v. Naphcare*,
   No. 3:19-cv-00347-ART-CSD, 2023 WL 3995531 (D. Nev. June 13, 2023) .....................3

*United States v. Westlands Water Dist.*,
   134 F. Supp. 2d 1111 (E.D. Cal. 2001) ...............................................................3

*Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*,
   5 F.4th 997 (9th Cir. 2021) .............................................................................13

*Wild Fish Conservancy v. Nat'l Park Serv.*,
   No. C12-5109 BHS, 2012 WL 2457425 (W.D. Wash. June 27, 2012) ...........................13

*Yourish v. California Amplifier*,
   191 F.3d 983 (9th Cir. 1999) ......................................................................18, 19

**RULES**

Fed. R. Civ. P. 59(e) ...........................................................................................2

Fed. R. Civ. P. 60(b) ...........................................................................................2

Fed. R. Civ. P. 60(b)(6).......................................................................................12

Fed. R. Civ. P. 60(c)(2).....................................................................................2, 18

**REGULATIONS**

43 C.F.R. § 46.120(c) ................................................................................................ 15

**OTHER AUTHORITIES**

LR 59-1(a) .............................................................................................. 2, 3, 4, 12

LR 59-1(b) .............................................................................................. 2, 3, 5, 12

## INTRODUCTION

Plaintiffs filed this action last summer along with an emergency motion to enjoin the Bureau of Land Management ("BLM") from gathering horses within the Antelope Complex under the 2017 Antelope Complex and Triple B Complexes Gather Plan Environmental Assessment ("2017 EA"). ECF Nos. 1 & 10. The Honorable Judge Larry Hicks held a day-long hearing on Plaintiffs' motion and denied it from the bench. ECF No. 29. Several weeks later, Plaintiffs filed their First Amended Complaint ("FAC"). ECF No. 38. Federal Defendants moved to dismiss the FAC, which was fully briefed on December 11, 2023. ECF Nos. 40, 43, & 44.

On May 8, 2024, in a 26-page order, Judge Hicks granted Federal Defendants' motion to dismiss. ECF No. 48 ("MTD Order"). Judge Hicks scrutinized the allegations in Plaintiffs' FAC, as well as the proposed second amended complaint they submitted with their opposition. *Id.* at 9.

Judge Hicks correctly dismissed Plaintiffs' first claim—brought under Administrative Procedure Act ("APA") §§ 706(1) and 706(2)(D)—with prejudice and without leave to amend based on incurable defects. *Id.* at 15. The claim confusingly sought to set aside BLM's Comprehensive Animal Welfare Program Standards ("CAWP Standards") for not going through formal rulemaking, and to compel BLM to issue the same standards through rulemaking. Judge Hicks dismissed Plaintiffs' other three claims—brought under the Wild Free Roaming Horses and Burros Act ("Wild Horse Act"), National Environmental Policy Act ("NEPA"), and First Amendment—and gave Plaintiffs leave to amend. *Id.* at 26. Judge Hicks ordered Plaintiffs to file any second amended complaint within 30 days (June 7, 2024) and that failure to do so would "result in dismissal of [Plaintiffs'] remaining causes of action with prejudice." *Id.*

On May 29, 2024, Judge Hicks tragically passed away. This action was transferred to this Court the next day. ECF No. 49. A week later, Plaintiffs moved for reconsideration of Judge Hicks's order under Federal Rule of Civil Procedure 60. ECF No. 51. Plaintiffs did not file a second amended complaint by June 7.

Plaintiffs' Motion is meritless. Aside from an attempt to scrounge up "new evidence"—none of which is truly new and most of which Plaintiffs unsuccessfully relied on in opposing

Federal Defendants' motion to dismiss—Plaintiffs simply rehash arguments and express disagreement with Judge Hicks's decision. Their Motion, at bottom, asks the Court to consider the motion to dismiss anew and depart from Judge Hicks's holdings. Thus, Plaintiffs do not come close to showing the extraordinary circumstances required to warrant reconsideration of Judge Hicks's decision, and their Motion should be denied. And because Plaintiffs did not comply with the June 7 deadline to amend or seek extension of that deadline, the Court should dismiss their remaining claims with prejudice.

## LEGAL STANDARD

"Motions for reconsideration are disfavored" in this District; they "are governed by Fed. R. Civ. P. 59 or 60, as applicable." LR 59-1(a), (b). Plaintiffs move under Rule 60(b). ECF No. 51 at 3–4. And they missed the deadline to move under Rule 59, 28 days after Judge Hicks's order, or June 5, 2024. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Thus, only Rule 60 applies. *See Mt. Graham Red Squirrel v. Madigan,* 954 F.2d 1441, 1463 n.35 (9th Cir. 1992) ("An untimely motion for reconsideration is construed as a motion based on Fed. R. Civ. P. 60(b).").

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding based on:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . .misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged . . .
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) "does not affect the judgment's finality or suspend its operation." *Id.* 60(c)(2). Plaintiffs appear to seek relief based on Rule 60(b)(1), (2), and (6). *See* ECF No. 51 at 9 (arguing for reconsideration based on "mistaken understanding" by Judge Hicks, "[n]ew evidence," and "the interests of justice").

The movant "bears the burden of proving the existence of a justification for Rule 60(b) relief[.]" *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (citation omitted). "Regardless

of which subdivision of the rule applies," the movant "must present 'facts or law of a strongly convincing nature' that provide a 'valid reason' why reconsideration is appropriate." *Christian v. United States*, No. 2:23-cv-01300-JAD-NJK, 2023 WL 8877808, at *1 (D. Nev. Dec. 21, 2023) (citation omitted). Thus, "absent highly unusual circumstances," motions for reconsideration should be denied. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *see also Gamson v. Kravitz, Schnitzer & Sloane Chod.*, No. 2:03-CV-01328-KJD-PAL, 2006 WL 8445792, at *2 (D. Nev. Feb. 16, 2006) (relief under Rule 60(b) available only on "showing of exceptional or extraordinary circumstances"); *Freeman v. Field Serv. Agents*, No. 2:21-cv-01827-MMD-CSD, 2022 WL 16575644, at *3 (D. Nev. Oct. 31, 2022) ("Reconsideration is an 'extraordinary remedy' that should be used sparingly.").

Rule 60(b) motions "are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Montgomery v. Las Vegas Metro. Police Dep't*, No. 2:11-cv-02079-MMD-PAL, 2014 WL 202146, at *1 (D. Nev. Jan. 16, 2014) (cleaned up); *see also Freeman,* 2022 WL 16575644, at *3 ("A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled.") (cleaned up); LR 59-1(b) ("A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

Rule 60(b)(1) covers mistakes allegedly committed by the Court. *See, e.g.*, *Scott v. Naphcare*, No. 3:19-cv-00347-ART-CSD, 2023 WL 3995531, at *1 (D. Nev. June 13, 2023); LR 59-1(a) (reconsideration may be appropriate if "the court committed clear error").

Under Rule 60(b)(2), the movant must show that their evidence: "(1) is truly newly-discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." *Freeman*, 2022 WL 16575644, at *3 (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 n.45 (E.D. Cal. 2001) (explaining this test applies under Rule 60(b)(2)); *see* LR 59-1(a) (reconsideration may be appropriate based on "newly discovered evidence that was not available

when the original motion or response was filed").

Rule 60(b)(6) "applies only when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (citation omitted). This subdivision "has been used sparingly as an equitable remedy to prevent manifest injustice"; it applies only in "extraordinary circumstances." *Id.* (citation omitted); *see* LR 59-1(a) (reconsideration may be appropriate if "initial decision was manifestly unjust").

## ARGUMENT

### I. Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hicks's Dismissal of Claim One with Prejudice.

On their first claim, Plaintiffs focus on Judge Hicks's conclusion that they failed to plausibly allege that the CAWP Standards are "substantive rules," as required to show formal APA rulemaking was necessary and thus to succeed under Section 706(2)(D). ECF No. 51 at 9–14; MTD Order at 10–11. But Judge Hicks's dismissal of Plaintiffs' first claim did not rest only on their failure to allege facts sufficient to show the CAWP Standards are substantive rules. Rather, after carefully explaining the deficiencies and inconsistencies in Plaintiffs' allegations, Judge Hicks held that even if Plaintiffs "successfully alleged that the CAWP Standards were substantive rules, [Plaintiffs] still fail[] to state a claim under 5 U.S.C. § 706(1) and the Court lacks subject-matter jurisdiction over the 5 U.S.C. § 706(2)(D) claim." *Id.* at 11.

Thus, the Court need not consider the bulk of Plaintiffs' arguments because—even if they could plead additional facts to plausibly allege that the CAWP Standards are substantive—the claim would fail under Sections 706(1) or 706(2)(D) per Judge Hicks's holding, and amendment would be futile. *Id.* at 11 & 15. Plaintiffs show no mistake, new evidence, or change in controlling law warranting reconsideration of this decision. They merely repeat the identical arguments that Judge Hicks considered and rejected.

Moreover, even if the Court examines Plaintiffs' arguments for reconsideration of Judge Hicks's ruling as to their substantive rule allegations, they lack merit. Plaintiffs do not show Judge Hicks made any error, their alleged "new evidence" is anything but, and they do not meet their

heavy burden to show that Judge Hicks's ruling is manifestly unjust.

**A.** **Judge Hicks Held That—Even if Plaintiffs Could Successfully Allege the CAWP Standards Are Substantive—Claim One Fails Under APA § 706(1) or § 706(2).**

First, Plaintiffs identify no error, new evidence, or change in controlling law to cast doubt on Judge Hicks's holding that Plaintiffs' claim under 5 U.S.C. § 706(1) fails and that amendment would be futile. Judge Hicks observed that—under controlling law—Plaintiffs can proceed under Section 706(1) only if "BLM ignored a specific legislative command to issue its CAWP Standards as substantive rules." MTD Order at 12 (citing *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 932 (9th Cir. 2010)).

Judge Hicks then pored over Plaintiffs' allegations (and proposed new allegations) and found that they "failed to point to any legal obligation, demand of law, or legislative command that requires BLM to promulgate [the CAWP Standards] as substantive rules." *Id.* Judge Hicks then explained why amendment would be futile, rejecting the same arguments that Plaintiffs repeat now. *Compare id.* at 12–13 (finding Plaintiffs' "concession" that the Wild Horse Act "is silent as to a legislative command that BLM promulgate humane treatment standards as substantive rules renders any potential § 706(1) claim implausible"), *with* ECF No. 51 at 14 (arguing that because the Wild Horse Act is "silent or ambiguous" on how to meet humane handling requirements, issuing regulations is required). Indeed, Plaintiffs recite the arguments from their motion to dismiss opposition line-by-line. *Compare* ECF No. 43 at 13 lines 1–13 *with* ECF 51 No. at 14 lines 14–25. The Court should ignore these arguments because motions for reconsideration are "not the proper vehicles for rehashing old arguments," and cannot be used to give "unhappy litigants" another bite at the apple. *Montgomery*, 2014 WL 202146, at *1 (cleaned up); *see* LR 59-1(b) (prohibiting movants from repeating "arguments already presented").

Thus, Plaintiffs identify nothing warranting reconsideration of Judge Hicks's thorough reasoning that Plaintiffs' "failure to identify an agency action that BLM is required to take, paired with [their] admission that the Wild Horses and Burros Act is silent as to such command, results in a failure to state a claim and lack of subject matter jurisdiction, and neither deficiency is capable

of cure by amendment." MTD Order at 13. If anything, Plaintiffs' doubling down on the very arguments Judge Hicks analyzed and rejected only reinforces that amendment of any Section 706(1) claim would be futile.

As to Section 706(2)(D), Judge Hicks observed that—again, under controlling law—any claim "must identify a final agency action." *Id.* at 14 (citing *Hells Canyon*, 593 at 930). In response to Federal Defendants' argument that any challenge to how the CAWP Standards were issued in 2015 and 2016 was time barred, Plaintiffs tried to rely on a permanent instruction memorandum ("PIM") as final agency action. ECF No. 43 at 7 (conceding that "initial promulgation of the CAWP Standards were not final agency action" and relying on PIM). Thus, because Plaintiffs abandoned any claim that the CAWP Standards themselves were final agency action, Judge Hicks evaluated whether the PIM met the applicable standards. MTD Order at 13.

After "careful review," Judge Hicks found that the PIM "is not final agency action and, as such, [Plaintiffs have] failed to challenge final agency action." *Id.* at 14. This holding was based on Judge Hicks's finding that the PIM "does not mark the consummation of BLM's decision-making process," but "re-affirms" and "reiterates" prior "decisions, processes, and standards." *Id.* Based on this holding, Judge Hicks did not need to reach whether the PIM determines rights or has legal consequences. *See id.* at 14–15.

Plaintiffs identify no error, new evidence, or change in controlling law to cast doubt on Judge Hicks's holding that any Section 706(2) claim fails for lack of final agency action. Plaintiffs' only argument is that they "stated that BLM's issuance of the 2020 PIM constituted final agency action." ECF No. 51 at 15. This conclusory statement falls far short of showing reconsideration of Judge Hicks's decision is warranted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Again, like Judge Hicks's conclusion on Section 706(1), Plaintiffs simply disagree with his decision. This is not a valid basis for reconsideration. *Green v. Samples*, No. 2:19-cv-02006-CDS-VCF, 2022 WL 2533531, at *3 (D. Nev. July 6, 2022) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation

of that which was already considered by the Court in rendering its decision.") (cleaned up).

In short, Plaintiffs identify no valid basis for reconsideration of Judge Hicks's dispositive holding that Plaintiffs' APA claim fails for threshold defects and that amendment would be futile.

**B.  Plaintiffs' Immaterial Arguments Challenging Judge Hicks's Conclusion That They Failed to Allege the CAWP Standards are Substantive Rules Lack Merit.**

As explained, the Court need not even consider Plaintiffs' arguments that Judge Hicks mistook their allegations or that they have supposed "new evidence" to support their claim that the CAWP Standards are substantive rules. But if considered, their arguments are baseless.

        *i.  Judge Hicks Made No Mistake—He Understood and Properly Construed Plaintiffs' Deficient Allegations.*

First, Plaintiffs claim that Judge Hicks had a "mistaken understanding" of their substantive rule allegations. ECF No. 51 at 9. This is false—Judge Hicks understood their allegations and properly rejected them as insufficient.

Judge Hicks found that the FAC "lacks any allegation that the CAWP Standards are substantive rules" because it does not allege "that those standards create rights, impose obligations, or effect a change in existing law pursuant to authority delegated by Congress." MTD Order at 10. To argue this was erroneous, Plaintiffs point to the FAC's assertion that the CAWP Standards should have been issued as rules. ECF No. 51 at 9. But Judge Hicks expressly considered this statement and rejected it as "conclusory." MTD Order at 10–11. Then Judge Hicks acknowledged that, through their opposition and proposed second amended complaint, Plaintiffs tried to advance some allegations to support this legal conclusion. *Id.* at 11. Ultimately, the Court "agree[d]" with each of Federal Defendants' arguments—that the CAWP Standards are not substantive rules, that Plaintiffs "failed to address" arguments that the CAWP Standards are like unenforceable agency manuals and handbooks, and that Plaintiffs' motion to dismiss arguments conflicted with their allegations. *Id.*

Plaintiffs focus only on the final point. ECF No. 51 at 9–10. Judge Hicks reasoned that Plaintiffs' opposition arguments and proposed new allegations could not be squared with the FAC. *See* MTD Order at 11 ("Either the CAWP Standards as issued are substantive rules and

BLM has failed to comply with them or they are BLM policy not subject to formal rulemaking; they cannot be both at the same time."). Plaintiffs identify no error in Judge Hicks's decision, nor any new evidence or change in controlling law. Instead, they seek to "clarify" their claim, but merely repeat the same conflicting and deficient allegations from the FAC and their motion to dismiss opposition. ECF No. 51 at 10.[1] From there, Plaintiffs' argument devolves into a numbered list of items apparently from the FAC, their motion to dismiss opposition, and the proposed second amended complaint. *Id.* at 10–13. All these deficient allegations and legal conclusions were before Judge Hicks, and Plaintiffs do not even claim that Judge Hicks misconstrued them. *Compare id.* at 11–12 (citing several CAWP standards), *with* MTD Order at 11 (noting that Plaintiffs in opposition cited "several current CAWP Standards").

      In sum, Plaintiffs do not identify any mistakes in Judge Hicks's understanding of their allegations. They are simply unhappy with his decision and hope the Court will review their allegations and arguments anew, as shown by their tactic of copying many of those allegations and arguments into their Motion. This is not proper grounds for reconsideration.

             ii.   *The Supposed "New Evidence" Cited by Plaintiffs is Not New and— Regardless—it Casts No Doubt on Judge Hicks's Decision.*

      Next, Plaintiffs argue that "additional new evidence also supports Plaintiffs' claim that the CAWP Standards are substantive rules." ECF No. 51 at 13. This misstates their heavy burden in seeking reconsideration based on supposed "new evidence." Plaintiffs need not merely marshal new evidence that could have s*upported* their claim—they must demonstrate that such evidence is "of such a material and controlling nature that it *demands a probable change in the outcome*." *See Freeman*, 2022 WL 16575644, at *3 (emphasis added) (citation omitted). That Plaintiffs do not even try to meet this standard dooms their "new evidence" argument from the outset.

      Plaintiffs cite to: (1) the transcript from the hearing Judge Hicks held on their motion for

---

[1] Consistent with Judge Hicks's finding and as noted in Federal Defendants' motion to dismiss, ECF No. 40 at 20, Plaintiffs' attempted challenge under Section 706(2)(D) is nonsensical because the remedy for the violation would be setting aside the CAWP Standards, not compelling BLM to issue them as formal rules, as Plaintiffs seek. ECF No. 51 at 10.

a temporary restraining order ("TRO"); and (2) a declaration submitted by a BLM employee in opposition to Plaintiffs' TRO motion. ECF No. 51 at 13.

First, neither of these items could have been properly considered in deciding the merits of this claim. Judicial review of agency action is "limited to the administrative record" subject to "narrowly construed and applied" exceptions. *See Leigh v. Raby*, No. 3:22-cv-00034-MMD-CLB, 2023 WL 2717327, at *1 (D. Nev. Mar. 30, 2023) (citation omitted). Thus, even if it were possible for Plaintiffs to plausibly allege a justiciable claim, the claim's merits would be decided on the agency's record—not BLM employees' characterizations of agency policy.[2]

Second, Plaintiffs do not come close to showing that the testimony or declaration are newly discovered, that they could not have been cited in Plaintiffs' FAC or opposition with even minimal diligence, or that they "demand" departure from Judge Hicks's well-reasoned decision. *Freeman*, 2022 WL 16575644, at *3.

As to the transcript, the TRO hearing was held before Judge Hicks on August 9, 2023. ECF No. 29. The afternoon portion of the transcript was available for order from the court reporter on August 25, 2023, ECF No. 36, and the morning portion was available for order on September 22, 2023, ECF No. 39. Plaintiffs could have easily purchased the transcript before opposing Federal Defendants' motion on November 27, 2023. Indeed, Federal Defendants ordered and obtained the transcript soon enough to cite it in their motion to dismiss on October 23, 2023. ECF No. 40 at 15 & 27. Thus, the transcript is not new evidence; it could have been obtained and relied on with minimal diligence by Plaintiffs.

To manufacture an excuse as to why the transcript was unavailable when they filed their opposition, Plaintiffs misconstrue the Court's general orders regarding release of transcripts. ECF No. 51 at 6. The 90-day "restriction" referred to in the Court's orders does not mean the transcript was unable to be cited or viewed—indeed, "[b]efore release date," the transcript could "be viewed

---

[2] This is true notwithstanding that Plaintiffs brought this claim partially under Section 706(1). As this Court observed in *Leigh*, when a plaintiff brings Section 706(1) and 706(2) claims "premised on the same theory of violation," it "makes little sense" to expand the record for the Section 706(1) claim. *See* 2023 WL 2717327, at *3 (citation omitted).

at the court public terminal or purchased through the court reporter." ECF Nos. 36 & 39; *see also* Transcript Policy, UNITED STATES DISTRICT COURT OF NEVADA, May 15, 2008, at 1–2 ("During the 90 day period," transcript is available to "attorneys of record or parties who have purchased the transcript from the court reporter"), https://www.nvd.uscourts.gov/wp-content/uploads/2018/06/Transcript-Policy-5-15-08.pdf (last visited June 20, 2024).[3] And Local Rule IA 10-3 prohibits attaching transcripts as exhibits because the Court already has access to them, like "pleadings or other documents filed in the pending matter." Put simply, Plaintiffs' excuse is invalid.

Further, even assuming it was true that the transcript was unavailable when Plaintiffs filed their opposition brief, they and their counsel attended the hearing and could have proposed allegations based on testimony at the hearing without citing to or reviewing the transcript. In fact, Plaintiffs did this in Paragraph 75 of the FAC, which alleges a First Amendment violation based on an issue that surfaced during the TRO hearing. *See* ECF No. 38 ¶ 75.

More fundamentally, the facts for which Plaintiffs seek to use the testimony are not new, nor do they demand reconsideration of Judge Hicks's rulings. For example, Plaintiffs seek to rely on testimony to show that "CAWP Standards are incorporated into contracts between BLM and contractors." ECF No. 51 at 13. This fact is apparent from the PIM which Plaintiffs sought to rely on as final agency action. ECF No. 44-2 at 3. Indeed, Plaintiffs relied on the contract issue in their opposition and proposed second amended complaint. ECF No. 43 at 7; ECF No. 43-1 ¶ 48. Judge Hicks expressly considered and rejected such allegations as insufficient to state a claim. *See* MTD Order at 9 (explaining that consideration of "proposed amendments" appropriate because Federal Defendants "replied to and thoroughly addressed" them); ECF No. 44 at 8 (refuting allegations about incorporation into contracts). Thus, that the CAWP Standards are incorporated into contracts is not "new evidence" that was unavailable to Plaintiffs when they filed their opposition.

---

[3] Even if Plaintiffs were correct that the 90-day restriction prevented them from citing the transcript, they cite only the afternoon transcript in their Motion, ECF No. 51 at 13, for which the restriction was lifted on November 23, 2023—four days before they filed their motion to dismiss opposition. *See* ECF Nos. 36 & 43.

Likewise, it is not "new evidence" that BLM has a "CAWP team" to assess whether a gather is following the CAWP Standards, or that the team produces "[a]ssessment reports." ECF No. 51 at 13. Again, in their opposition and proposed second amended complaint, Plaintiffs tried to rely on these exact facts. *See* ECF No. 43 at 7; ECF No. 43-1 ¶ 53 (alleging that "BLM has issued CAWP team assessment reports for individual gather operations, reporting on compliance with the CAWP standards"). Moreover, Federal Defendants submitted the CAWP team assessment reports from last summer's gather along with their opposition to Plaintiffs' TRO motion on August 7, 2023. ECF No. 21-6 at 66–72. Plaintiffs could have easily relied on these documents in their FAC, or in their motion to dismiss opposition.

Plaintiffs also cite testimony from a BLM employee that "there would be some pretty serious ramifications for both the contractor, as well as the [Contracting Officer Representative] Team that is implementing the gather" if they are found to be "completely in non-compliance" with the CAWP Standards. ECF No. 36 at 57:11–17. As noted above, Judge Hicks found that the PIM was not final agency action because it did not represent the consummation of BLM's decisionmaking. Thus, he did not need to reach the issue of whether the PIM determines "rights or obligations" or "whether legal consequences flow from it," making this testimony irrelevant. MTD Order at 14–15. Moreover, Plaintiffs cite to additional testimony which they characterize as showing that "where five standards were found to be in non-compliance, there were no ramifications other than follow-up discussions." ECF No. 51 at 13. Plaintiffs' own characterization reinforces that neither the CAWP Standards nor the PIM are binding on BLM.

Finally, Plaintiffs cite testimony to show that the CAWP Standards are not "site specific." *Id.* at 13. Again, the general applicability of the standards is clear from the PIM and Plaintiffs tried to rely on this in their proposed second amended complaint. ECF No. 44-2 at 3 (reaffirming that CAWP Standards are used "in all on-range and off-range management activities"); ECF No. 43-1 ¶ 46 (alleging PIM provides for "use of [the CAWP Standards] for all horse gathers"). In short, none of the cited testimony reveals any new information unavailable to Plaintiffs when they filed their opposition, nor does it come close to demanding "a probable change in the outcome."

*See Freeman*, 2022 WL 16575644, at *3 (citation omitted).

As to the declaration, Plaintiffs likewise cannot show it or the facts they seek to use it for are newly discovered. It was attached to Federal Defendants' TRO opposition which was filed August 7, 2023. ECF No. 21-1. Plaintiffs could have easily relied on the declaration in both their FAC and motion to dismiss opposition. *See Freeman*, 2022 WL 16575644, at *3 ("Failure to file documents in an original motion or opposition does not turn the late-filed documents into newly discovered evidence." (cleaned up)). Moreover, the only fact Plaintiffs seek to rely on from the declaration is that the CAWP Standards are incorporated into contracts. As discussed, this issue was before Judge Hicks and briefed by the parties—it is not new, and it does not demand reconsideration of Judge Hicks's decision.[4]

In sum, Plaintiffs do not come close to showing that any newly discovered evidence warrants reconsideration of Judge Hicks's decision on claim one.

### C.  <u>Plaintiffs Cannot Show Relief is Warranted under Rule 60(b)(6).</u>

Plaintiffs gesture a few times at arguing that Judge Hicks's dismissal of claim one should be reconsidered "in the interest of justice." ECF No. 51 at 3 & 4 (citing Rule 60(b)(6)), 9, and 15. Their only express argument is that "justice is not served by dismissing [their first] cause of action without a full exploration of its merits" and that it is "premature to dismiss" the claim "when the administrative record has yet not been certified and discovery remains possible." *Id.* at 15.[5]

Plaintiffs cite to no authority suggesting that dismissal of an APA claim before the record is lodged is unjust, much less "manifestly" so, as required to warrant reconsideration. LR 59-1(a); *see Delay*, 475 F.3d at 1044 (explaining that Fed. R. Civ. P. 60(b)(6) is used "sparingly" to prevent

---

[4] After discussing the declaration, Plaintiffs cite three cases—each of which was relied on in their motion to dismiss opposition—and restate the same legal arguments they made to Judge Hicks. *Compare* ECF No. 51 at 14 (citing *Colwell v. HHS*, 558 F.3d 1112 (9th Cir. 2009); *Mada-Luna v. Fitzpatrick*, 813 F.2d 1006 (9th Cir. 1987); *Hoctor v. U.S. Dep't of Agric.*, 82 F.3d 165 (7th Cir. 1996)), *with* ECF No. 43 at 9–10 (relying on same three cases, among others). Again, restating arguments is improper under the Local Rules and is not a valid basis for reconsideration. LR 59-1(b); *Green*, 2022 WL 2533531, at *3.

[5] As noted above, Plaintiffs' first claim is brought under the APA and would be decided on the agency's administrative record; "discovery" would not be appropriate.

only "manifest injustice"). Nor could they. Judge Hicks dismissed this claim for incurable threshold defects—failure to challenge final agency action and failure to identify legally required action for the Court to compel—that do not require consideration of the administrative record. *See, e.g.*, *Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1007 (9th Cir. 2021) (noting that, for Section 706(2) claims, "threshold question for the district court [is] whether [action] constitute[s] 'final agency action'"); *Hells Canyon*, 593 F.3d at 933 ("Because plaintiffs have not identified a discrete agency action that the Forest Service is required to take they have failed to state a claim under § 706(1)") (cleaned up); *see also Wild Fish Conservancy v. Nat'l Park Serv.*, No. C12-5109 BHS, 2012 WL 2457425, at *8 (W.D. Wash. June 27, 2012) (noting that final agency action determination is "question of law" and appropriate basis for dismissal "without leave to amend and with prejudice"); *Huang v. Small Bus. Admin.*, No. 22-cv-03363-BLF, 2022 WL 3017521, at *1 (N.D. Cal. July 29, 2022) (recounting dismissal of Section 706(1) claim "without leave to amend" for lack of "specific, unequivocal command").

In a thorough, 26-page order, one of this District's most experienced judges held that Plaintiffs' first claim (including their proposed new allegations) was not viable, and that any amendment would be futile. Put simply, Plaintiffs' vague appeals to justice do not show the "extraordinary circumstances" required for the Court to find Judge Hicks's decision manifestly unjust. *See Delay*, 475 F.3d at 1044.

***

In sum, Plaintiffs entirely fail to meet their burden to show that the Court should reconsider Judge Hicks's dismissal of their first claim with prejudice.

## II.   Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hicks's Dismissal of Claim Two with Leave to Amend.

Plaintiffs briefly argue for reconsideration of Judge Hicks's order dismissing their second claim with leave to amend. ECF No. 51 at 15. They note his finding that alleging a single, conclusory fact—that it has been six years since the 2017 gather decision—is inadequate to state a claim under the Wild Horse Act that BLM violated its duty to "immediately" remove excess

animals during last summer's gathers. MTD Order at 20. Plaintiffs identify no clear error, new evidence, or change in controlling law warranting reconsideration of Judge Hicks's decision.

Instead, Plaintiffs merely state that they "disagree that Rule 8 requires more" and that "amendment should not be required until the administrative record has been certified and discovery has closed." ECF No. 51 at 15. Again, "disagreement with the Court's decision" is insufficient for reconsideration. *Green*, 2022 WL 2533531, at *3. And as noted above, "discovery" on this claim—which was brought under the Wild Horse Act and APA § 706(2), ECF No. 38 ¶¶ 85–90—would not be appropriate. The claim would be decided on BLM's administrative record. Either way, Plaintiffs' argument that they need discovery or a record to plead plausible claims lacks merit. *See, e.g.*, *Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). Nor do Plaintiffs explain why they need the record to plausibly allege this claim when the document on which it is based—the 2017 EA—is publicly available. *See* ECF No. 40 at 4 n.1 (providing judicially noticeable link to 2017 EA).

Plaintiffs also ignore Judge Hicks's initial finding: their allegations did not make clear whether the claim is "to all subsequent gathers conducted on the Antelope and Triple B Complexes pursuant to the 2017 [gather decision] or just the 2023 Antelope Complex Gather." *Id.* at 19–20. Judge Hicks held that "[t]o the extent [Plaintiffs] bring[] this cause of action to challenge BLM's reliance on the 2017 EA for 'multiple gathers,' it fails to state a claim by offering nothing more than a formulaic recitation of the immediacy provision and factual support applicable to only the most recent gathers." *Id.* at 20. Under this holding, any amended version of this claim must either plead additional facts or remove the conclusory attempt to challenge "multiple gathers."

Thus, Plaintiffs identify no basis for reconsideration of Judge Hicks's order dismissing their second claim with leave to amend. Indeed, Plaintiffs' apparent inability to allege more supporting facts for this claim indicates that dismissal with prejudice is appropriate, since they

1   have now waived the opportunity to amend, as discussed below.

2   **III.   Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hicks's Dismissal of
3          Claim Three with Leave to Amend.**

4       Plaintiffs' argument for reconsideration of Judge Hicks's dismissal of their NEPA claim

5   is similarly brief and meritless. *See* ECF No. 51 at 16.

6       Judge Hicks held that Plaintiffs could not plausibly allege a NEPA violation based on

7   BLM not issuing a Decision of NEPA Adequacy ("DNA"). MTD Order at 16–17 ("[F]ailure to

8   issue a DNA cannot plausibly provide the basis for a NEPA violation because DNAs are not

9   required by NEPA nor considered official NEPA documents."). Further, Judge Hicks found that

10  even if failure to issue a DNA could "plausibly" be the basis for NEPA claim, "the FAC and

11  opposition amendments still fail to state a claim on which relief can be granted." *Id.* at 18.

12  Specifically, Judge Hicks held that while Plaintiffs "generally" alleged a vague list of

13  circumstances they "would have expected" a DNA to analyze, they did not allege "that those new

14  circumstances were (1) not examined in the 2017 EA, and (2) would result in significantly

15  different environmental effects." *Id.*; *see* 43 C.F.R. § 46.120(c).

16      Judge Hicks gave Plaintiffs leave to amend to allege that BLM must supplement the 2017

17  EA under 40 C.F.R. § 1502.9(d)(1)(ii), but not based on the lack of a DNA. He also held that

18  Plaintiffs' "proposed second amended complaint as currently alleged fails to state a supplement

19  claim." MTD Order at 18–19. Judge Hicks thus went above and beyond and gave Plaintiffs

20  guidance on a path to possibly pleading plausible claims.

21      Nonetheless, Plaintiffs state that they "disagree that Rule 8 requires more" than they

22  alleged, and that "amendment should not be required until the administrative record has been

23  certified and discovery has closed." ECF No. 51 at 16. They do not address Judge Hicks's holding

24  that this claim cannot proceed on the DNA issue. Thus, Plaintiffs presumably dispute Judge

25  Hicks's finding that they did not plead enough to plausibly allege that BLM must supplement the

26  2017 EA based on "significant new circumstances or information relevant to environmental

27  concerns and bearing on the proposed action or its impacts." 40 C.F.R. § 1502.9(d)(1)(ii); *see*

28

*Earth Island Inst. v. U.S. Forest Serv.*, 87 F.4th 1054, 1069 (9th Cir. 2023) ("'New circumstances' are circumstances which significantly change the underlying project, and 'new information' is intervening information not already considered." (citation omitted)).

As noted throughout, Plaintiffs' disagreement with Judge Hicks's decision is not a valid basis for reconsideration, and it is improper for them to ask the Court to review the sufficiency of their allegations anew. And again, Plaintiffs must state plausible claims *before* obtaining the administrative record. Moreover, the 2017 EA is publicly available, and Plaintiffs do not explain how additional documentary evidence might help them amend this claim.

Plaintiffs also claim that Judge Hicks's decision needs to be "modified to address their claim that Defendants violated NEPA when they failed to take a 'hard look' to analyze the significant environmental impacts of removing horses from the Antelope Complex." ECF No. 51 at 16. If Judge Hicks did not address a claim attacking the 2017 EA for failing to take a "hard look" at impacts, this is likely because Plaintiffs did not plead such a claim.[6] Rather, their NEPA claim was based on their contention that BLM needed to issue a DNA to rely on the 2017 EA. *See* ECF No. 38 ¶¶ 91–98. But even if their allegations could be generously construed to assert such a claim, Judge Hicks's reasoning still applies: Plaintiffs need to "provide factual support plausibly" suggesting that BLM's 2017 EA fails to take a "hard look" at a specific potential environmental consequence. *See* MTD Order at 18–19. They cannot merely recite the legal standard, as they do in their Motion. ECF No. 51 at 16 (claiming vaguely that BLM failed to "take a 'hard look'" at unidentified "significant environmental impacts").[7]

If Plaintiffs can plausibly allege that the 2017 EA fails to address new circumstances and that supplementation is required, or that the 2017 EA fails to take a hard look at an environmental

---

[6] While Plaintiffs assert that they pled a "hard look" claim, they cite no paragraph of the FAC or proposed second amended complaint for support. *See* ECF No. 51 at 8 & 16.

[7] Plaintiffs again claim that they need the administrative record to plausibly allege this claim because it "focus[es] on issues raised by the public during the review of the 2017 EA." ECF No. 51 at 16. As explained, the 2017 EA—which includes an extensive section addressing public comments—is publicly available.

consequence, Judge Hicks gave them leave to amend. With their Motion, Plaintiffs essentially concede that they unable to do so, indicating that dismissal of this claim with prejudice is appropriate, since they have now waived the opportunity to amend, as discussed below.

**IV.    Plaintiffs Fail to Show Any Basis for Reconsideration of Judge Hick's' Dismissal of Claim Four with Leave to Amend, and No Clarification is Needed.**

Plaintiffs do not appear to seek reconsideration of Judge Hicks's decision dismissing their First Amendment claim. Instead, they ask for "clarification." ECF No. 51 at 16. Judge Hicks's order was clear: (1) Plaintiffs cannot seek compensatory damages under 42 U.S.C. § 1983 and must remove references to such damages from any amended complaint;[8] (2) Plaintiffs' claim based on gather viewing restrictions was plausible and not moot "as to future gathers"; and (3) they must replead the claim to remove the theory that they have a "right to view 'humane' gathers." MTD Order at 23–24.[9] Judge Hicks's ruling on this claim needs no clarification.

**V.    Plaintiffs' Failure to File a Second Amended Complaint by the Deadline Set by Judge Hicks Warrants Dismissal of Remaining Claims with Prejudice.**

Judge Hicks dismissed each of Plaintiffs' claims and afforded them leave to amend claims two, three, and four to address the deficiencies he identified. MTD Order at 26. His order required Plaintiffs to file any "second amended complaint within thirty (30) days"—June 7, 2024—and specified that "[f]ailure to file the second amended complaint will result in dismissal of [Plaintiffs'] remaining causes of action with prejudice." *Id.*

Plaintiffs did not file a second amended complaint by June 7. Nor did they file a motion for extension of the deadline per Local Rule 26-3. Instead, Plaintiffs filed their Motion asking the Court to "vacate" Judge Hicks's order, including the requirement to file any second amended complaint by June 7. *See* ECF No. 51 at 15, 16, & 17 (asking for deadline to amend to be

---

[8] Despite admitting that such damages are unavailable against the government, ECF No. 43 at 16, Plaintiffs' proposed second amended complaint retained a request for damages. *See* ECF No. 43-1 at 26 (Plaintiffs requesting "compensatory damages for past mental or emotional injury pursuant to 28 U.S.C. § 1983").

[9] *See* ECF No. 38 ¶ 109 (claiming a "First Amendment right to view wild horses being treated humanely").

1   "vacated"). Thus, Plaintiffs let the mandatory deadline pass without seeking an extension,

2   presumably thinking that their motion for reconsideration would toll their deadline to amend.

3        But Plaintiffs' Rule 60 Motion did not "suspend" operation of Judge Hicks's order. Fed.

4   R. Civ. P. 60(c)(2); *see Lin v. City of Perris,* No. ED-CV-19-966-DMG (SPx), 2020 WL 5507546,

5   at *2 (C.D. Cal. Aug. 13, 2020) ("Plaintiff cites to no controlling case authority indicating that

6   his filing of motions for reconsideration of a prior order, which failed to comply with the Local

7   Rules, tolled the deadline the Court set for him to file an amended complaint."); *see also Malone*

8   *v. United States Postal Serv.,* 833 F.2d 128, 133 (9th Cir. 1987) (noting it is "well established"

9   that an attorney "who believes a court order is erroneous is not relieved of the duty to obey it"

10  (citation omitted)). Accordingly, by failing to amend by June 7, Plaintiffs' remaining claims are

11  subject to dismissal with prejudice per Judge Hicks's express warning.

12       Dismissal of the remaining claims with prejudice is within the Court's discretion. *See*

13  *Yourish v. California Amplifier,* 191 F.3d 983, 988 (9th Cir. 1999). To decide whether dismissal

14  is appropriate, courts generally weigh five factors: "(1) the public's interest in expeditious

15  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

16  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the

17  availability of less drastic alternatives." *Id.* at 990. To dismiss the action, the Court need only find

18  that three of the five factors favor dismissal. *See id.* at 992 (affirming dismissal for failing to

19  comply with deadline to file amended complaint even with fourth and fifth factors weighing

20  against dismissal).

21       At least three factors favor dismissal. First, "the public's interest in expeditious resolution

22  of litigation always favors dismissal." *Yourish*, 191 F.3d at 990. Second, Plaintiffs' flouting of

23  the deadline to amend by filing their meritless Motion—which rehashes arguments and does not

24  even try to meet the high threshold for reconsideration—has impeded the Court's ability to

25  manage its docket. *See id.* at 990–91 (second factor weighed in favor of dismissal where plaintiffs

26  filed a "motion for a written order, requiring the district court to devote further time and resources

27  to this matter rather than to the merits of an amended complaint"). Third, past their baseless

28

argument that they need the record to amend, Plaintiffs have no valid "reason for defaulting in failing to timely amend," which has resulted in prejudice to the Federal Defendants. *Id.* at 991–92 ("Plaintiffs' paltry excuse for his default on the judge's order indicates that there was sufficient prejudice to Defendants from the delay that this factor also strongly favors dismissal."). Although public policy generally favors resolution on the merits, this factor's "weight is significantly diminished by the fact that [Plaintiffs'] failure to comply with court orders impedes this case from moving toward disposition on the merits." *See Khakh v. Sidhu*, No. 2:22-cv-00519-CDS-EJY, 2023 WL 8933589, at *2 (D. Nev. Dec. 22, 2023) (citation omitted). And, while affording Plaintiffs one last try at timely filing a second amended complaint may be a less drastic alternative, Judge Hicks expressly warned that failure to timely amend would result in dismissal with prejudice. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006) ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." (citations omitted)).

Here, where Plaintiffs amended once, proposed deficient amendments in response to Federal Defendants' motion to dismiss, and refused to or could not further amend[10] to meet an unambiguous court deadline, dismissal with prejudice of Plaintiffs' remaining claims is appropriate. If the Court does not dismiss Plaintiffs' remaining claims with prejudice, the Court should—at a minimum—set a prompt new deadline for any second amended complaint as part of denying Plaintiffs' Motion.

## CONCLUSION

Accordingly, Plaintiffs identify no basis for reconsideration of Judge Hicks's order, and their Motion should be denied in its entirety. And because Plaintiffs violated that order's command to file any second amended complaint by June 7, the Court should exercise its discretion to dismiss this action with prejudice.

---

[10] Indeed, at least with respect to claims two and three as discussed above, Plaintiffs essentially concede that they cannot plead more facts to state plausible claims.

Dated: June 20, 2024

Respectfully submitted,
TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Joseph W. Crusham*
JOSEPH W. CRUSHAM, Trial Attorney
(CA Bar No. 324764)
Wildlife & Marine Resources Section
Phone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

PETER BROCKER, Trial Attorney
(NYS Bar No. 5385448)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 305-8636
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

20

### CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2024, I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Joseph W. Crusham*
Joseph W. Crusham
Attorney for Federal Defendants