UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

WILD HORSE EDUCATION, a non-profit corporation, and LAURA LEIGH, individually,

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management,

Defendants.

Case No. 3:23-cv-00372-MMD-CLB

ORDER

## I. SUMMARY

Plaintiffs Wild Horse Education and Laura Leigh filed suit against Defendants United States Department of Interior, Bureau of Land Management, and Jon Raby to challenge Defendants' continued maintenance efforts of sustainable wild horse and burro populations in Nevada. Plaintiffs seek relief from the Court's dismissal order (ECF No. 48 ("Prior Order")) based on Federal Rule of Civil Procedure 60. (ECF No. 51 ("Motion").[1]) In the Prior Order, the Court dismissed Plaintiffs' first claim with prejudice and dismissed their second, third, and fourth claims without prejudice and with leave to amend. (ECF No. 48 at 26.) As explained below, the Court denies the Motion, but will extend the deadline for Plaintiffs to file a third amended complaint.

## II. DISCUSSION

The Court incorporates by reference the Prior Order's extensive recitation of background facts. (ECF No. 48 at 1-7.) In the Prior Order, the Court granted Defendants' motion to dismiss based on analysis of the allegations brought in Plaintiffs' First Amended

[1]Defendants responded (ECF No. 52), and Plaintiffs replied (ECF No. 53).

Complaint ("FAC") (ECF No. 38) and the proposed second amended complaint (ECF No. 43-1 at 3-27). (ECF No. 48 at 9.) The Court dismissed Plaintiffs' first claim under the Administrative Procedure Act ("APA") §§ 706(1) and 706(2)(D) with prejudice for a mix of failure to state a claim and lack of subject matter jurisdiction reasons. (*Id*. at 9-15). The Court also dismissed Plaintiffs' second claim under the Wild Free Roaming Horses and Burros Act ("Wild Horse Act"), 16 U.S.C. § 1331, *et seq*., Plaintiffs' third claim under the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321-4370h, and Plaintiffs' fourth claim under the First Amendment, without prejudice. (*Id*. at 15-26.) The Court granted Plaintiffs leave to amend these latter claims and ordered the second amended complaint be filed within 30 days of the Prior Order's issuance. (*Id*. at 26.) The Court explained that Plaintiffs' failure to file a second amended complaint by the deadline would result in dismissal of the remaining claims with prejudice. (*Id*.) Plaintiffs did not file a second amended complaint by the deadline. Instead, Plaintiffs filed the Motion one day before the deadline expired. (ECF No. 51.)

Plaintiffs bring the Motion under Federal Rule of Civil Procedure 60(b) which provides that "the Court may relieve a party . . . from a final judgment, order, or proceeding" based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). A motion to reconsider is generally left to the discretion of the district court. *See Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted). A motion to reconsider must show "some valid reason why the court should reconsider its prior decision" and set forth "facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp.

2d 1180, 1183 (D. Nev. Mar. 28, 2003) (citation omitted). Motions for reconsideration under Rule 60(b) are properly denied when the movant fails to argue and establish any Rule 60(b) reason justifying relief. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for reconsideration under Rule 60(b) where plaintiffs presented no argument that their case fell within any Rule 60(b) provision).

Plaintiffs specifically argue for reconsideration of the first claim's dismissal with prejudice under Rule 60(b)(1) based on the Court's "mistaken understanding of . . . averred facts," Rule 60(b)(2) for "newly discovered evidence," and Rule 60(b)(6) in "the interests of justice." (ECF No. 51 at 9-15.) Plaintiffs briefly argue for reconsideration of the second, third, and fourth claim dismissals based on disagreement with the Court. (*Id*. at 15, 16). The Court will address Plaintiffs' arguments relating to dismissal of the first claim before addressing their arguments as to the remaining claims.

**A. Dismissal of the First Claim**

As to claim one's dismissal, Plaintiffs' reconsideration argument under Rule 60(b)(1)'s mistake provision alleges that the Court mistakenly understood facts to conclude that the "FAC lacks any allegation that the CAWP Standards are substantive rules." (ECF No. 51 at 9.) But the factual mistake alleged is not the type of mistake that warrants reconsideration because it did not factor into the Court's ultimate decision to dismiss. The Prior Order explained that "[e]ven if Wild Horse successfully alleged that the CAWP Standards were substantive rules, Wild Horse still fails to state a claim under 5 U.S.C. § 706(1) and the Court lacks subject matter jurisdiction over the 5 U.S.C. § 706(2)(D) claim." (ECF No. 48 at 11.) The Court ultimately dismissed the § 706(1) claim because Plaintiffs failed to allege discrete agency action that BLM was required to take. (*Id*. at 11-13.) The Court dismissed the § 706(2)(D) claim because it lacked subject matter jurisdiction over the claim as it failed to challenge final agency action. (*Id*. at 13-15). Even if a mistaken factual understanding led to the incorrect conclusion that Plaintiffs alleged,

that conclusion did not factor into the Court's decision to dismiss the claim. Plaintiffs' first claim was clearly dismissed on alternative grounds.

Plaintiffs allege no mistake concerning the Court's alternative grounds. Instead, they recite arguments the Court considered in issuing the Prior Order. As to the § 706(1) claim, Plaintiffs copy and paste many arguments they made in opposing Defendants' motion to dismiss. (*Compare* ECF No. 43 at 13, *with* ECF No. 51 at 14, 15.) As to the § 706(2)(D) claim, Plaintiffs similarly recycle arguments in attempt to persuade the Court to reconsider whether BLM's issuance of Permanent Instruction Memorandum 2021-002 is final agency action. (*Compare* ECF No. 43 at 7, *with* ECF No. 51 at 15.) Simply, the mistake Plaintiffs allege in the Motion did not affect the Court's decision to dismiss the first claim. Because Plaintiffs only rehash old arguments regarding the Court's reasons for dismissal, the Court finds reconsideration to be improper based on Rule 60(b)(1). *See Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. May 27, 2005) (stating "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled") (citation omitted).

This reasoning also applies to Plaintiffs' "newly discovered evidence" challenge under Rule 60(b)(2). As alleged, the newly discovered evidence relates to Plaintiffs' contention that they had successfully pled the CAWP Standards to be substantive rules. (ECF No. 51 at 13.) The Court has found that whether Plaintiffs successfully pled the CAWP Standards to be substantive rules is irrelevant because the success of that claim did not factor into the Court's ultimate reasons for dismissal. In any event, the Court finds that the new evidence alleged is not the type of evidence that warrants reconsideration under Rule 60(b)(2). "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093

(9th Cir. 2003) (citation omitted).

Plaintiffs fail the first and second inquiries. The alleged new evidence includes transcript testimony from the evidentiary hearing on Plaintiffs' motion for temporary restraining order as well as declaration statements from an opposition to that motion. (ECF No. 51 at 13.) Plaintiffs claim that the evidence is new because the evidentiary hearing's transcripts were not released until after they responded to Defendants' motion to dismiss. (*Id*. at 6.) This is not entirely true. The hearing's morning session transcript was available for purchase on August 25, 2023, and the afternoon transcript was available for purchase on September 22, 2023. (ECF Nos. 36, 39). The transcripts were also available for viewing at the court public terminal on those dates. (*Id*.) Plaintiffs responded to Defendants' motion to dismiss on November 27, 2023. (ECF No. 43.) Therefore, the transcripts were available for purchase and viewing by Plaintiffs' counsel before they opposed the motion to dismiss. In fact, Defendants cited the transcripts in their motion to dismiss. (ECF No. 40 at 15, 27.) This fact undermines Plaintiffs' argument that the transcripts were unavailable until after the motion to dismiss was fully briefed. Accordingly, the Court finds that Plaintiffs have failed to show that the evidence relied on constitutes "newly discovered evidence" within the meaning of Rule 60(b) and that they exercised due diligence to discover it. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) (stating that "[e]vidence is not 'newly discovered' under the Federal Rules if it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence") (citations omitted).

Plaintiffs' final argument for reconsideration of claim one's dismissal is based on Rule 60(b)(6) as they argue that "justice is not served by dismissing [Wild Horse's first claim] without a full exploration of its merits." (ECF No. 51 at 9, 15.) Rule 60(b)(6) is a catch-all provision that permits a court to set aside an order or judgment for any reason that justifies relief. *See Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). Under Rule 60(b)(6), Plaintiffs "must demonstrate both injury and circumstances beyond [their] control that prevented him from proceeding with the action in a proper fashion." *Id*. (citation

omitted). The catch-all provision should be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (citation omitted).

Plaintiffs make no attempt to show that claim one's dismissal is the type of extraordinary circumstance that warrants reconsideration. Plaintiffs similarly fail to allege that reconsideration would prevent manifest injustice. The Court's decision to dismiss Plaintiffs' first claim was premised on threshold matters rightfully considered by district courts in the Ninth Circuit. *See, e.g.*, *Whitewater Draw Nat. Res. Conservation Dist. v. Mayorkas*, 5 F.4th 997, 1007 (9th Cir. 2021) (stating that a "threshold question" for the district court was whether the final agency action alleged actually constituted final agency action); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 933 (9th Cir. 2010) (concluding dismissal of a § 706(1) claim for failure to state a claim to be proper where plaintiffs failed to identify discrete agency action the agency was required to take). Accordingly, Plaintiffs have failed to allege any extraordinary circumstance that warrants reconsideration based on Rule 60(b)(6).

**B. Dismissal of the Remaining Claims**

Plaintiffs' basis for reconsideration of dismissal of the remaining claims is more straightforward. As to these claims, Plaintiffs fail to allege any Rule 60(b) provision as the basis for reconsideration and instead couch their argument in mere disagreement that "Rule 8 requires more." (ECF No. 51 at 15-16.) In doing so, Plaintiffs fail to allege newly discovered evidence, clear error, or intervening change in controlling law which warrants reconsideration. Plaintiffs additionally assert no facts or law of a strongly convincing nature that would persuade the Court to reverse its prior decisions. Moreover, motions for reconsideration are not "the proper vehicles for rehashing old arguments," and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Montgomery v. Las Vegas Metro. Police Dep't,* Case No. 2:11-CV-02079-MMD-PAL, 2014 WL 202146, at *1 (D. Nev. Jan. 16, 2014) (cleaned up). A party must show more

than mere disagreement with a court's prior decision when seeking reconsideration. *Green v. Samples*, Case No. 2:19-CV-02006-CDS-VCF, 2022 WL 2533531, at *3 (D. Nev. July 6, 2022) (citation omitted). Plaintiffs' disagreement with the Court's conclusions on dismissal is an improper basis for reconsideration and amounts to nothing more than a rehashing of arguments the Court already considered. Plaintiffs have failed to allege proper grounds for reconsideration of the Court's prior dismissal of the remaining claims.[2]

## III. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Plaintiffs Wild Horse Education and Laura Leigh's motion for relief from order (ECF No. 51) is denied. The Court extends the deadline for filing a third amended complaint to cure the deficiencies identified in the Prior Order by 30 days from the date of this order. Failure to file an amended complaint will result in dismissal of the second, third and fourth claims with prejudice.

/ / /

---

[2]Plaintiffs request the Prior Order be modified to address their "hard look" claim (ECF No. 51 at 16.) However, there is no standalone claim in the FAC or proposed second amended complaint that Defendants violated NEPA by failing to take a "hard look." Plaintiffs argue the claim in response to Defendants' motion to dismiss, but the only "hard look" reference in the proposed second amended complaint is that "NEPA requires federal agencies to take a 'hard look' at the environmental consequences before carrying out federal actions." (ECF No. 43-1 at 15.) The alleged NEPA violation in the proposed second amended complaint stems from BLM's failure to evaluate and supplement the 2017 EA/FONSI under 43 C.F.R. § 46.120. This is the claim that the Court reviewed and dismissed in the Prior Order. Because the "hard look" claim is not alleged, any modification request to address such a claim is improper.

Plaintiff also requests clarification regarding the dismissal of their fourth claim. (ECF No. 51 at 16.) The Prior Order is clear on this issue. The Court found that Plaintiffs state a plausible First Amendment claim based on gather viewing restrictions and that the claim was not moot as to future gathers. (ECF No. 48 at 23, 24.) However, the Court noted that the claim needed to be amended (1) to take out remaining references to and requests for compensatory damages under 42 U.S.C. § 1983, and (2) to remove the theory that Wild Horse has a protected right to view "humane" gathers. (*Id.*)

DATED THIS 15th day of August 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE