TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

JOSEPH W. CRUSHAM, Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
PETER BROCKER, Trial Attorney (NYS Bar No. 5385448)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145 (Crusham)
Email: joseph.crusham@usdoj.gov
Phone: (202) 305-8636 (Brocker)
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| WILD HORSE EDUCATION, and LAURA LEIGH, individually,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JOHN RABY, in his official capacity as Nevada State Director of the Bureau of Land Management,<br><br>*Federal Defendants.* | Case No. 3:23-cv-00372-MMD-CLB<br><br>**FEDERAL DEFENDANTS' NOTICE REGARDING PLAINTIFFS' SECOND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION [ECF NO. 60]** |

On October 10, 2024, Plaintiffs filed their Second Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 60 ("TRO Motion"), which seeks to enjoin the Bureau of Land Management ("BLM") from conducting a gather of wild horses on the Triple B Complex that is scheduled to begin on November 1, 2024. Federal Defendants hereby notify the Court that—unless the Court orders otherwise—Federal Defendants will respond to Plaintiffs' TRO Motion within the 14 days afforded by Local Rule 7-2(b). Given the extraordinary nature of Plaintiffs' request for emergency injunctive relief, Federal Defendants require sufficient time to fulsomely respond to Plaintiffs' arguments, including by obtaining declarations from pertinent BLM personnel as appropriate. The standard 14-day response period is especially warranted here for two at least two additional reasons.

First, Plaintiffs did not meet and confer on their TRO Motion as required by the Local Rules. Local Rule IA 1-3(f) explains that "meet and confer" means "to communicate directly and discuss in good faith the issues required under the particular rule or court order." Local Rule 7-4 requires that any emergency motion be accompanied by a declaration certifying that "after participation in the meet-and-confer process to resolve the dispute, the movant has been unable to resolve the matter without court action." LR 7-4(a)(3). Plaintiffs' counsel filed a declaration along with the TRO Motion which states: "On October 4, I reached out to counsel for Defendants to determine whether the Bureau of Land Management (BLM) would consider cancelling the gather of horses from the Triple B Complex set to begin on November 1 to make room for a mediation in another case and to avoid this motion. Defendants declined to cancel the gather." TRO Motion at 3, ¶ 3.

This is inaccurate. As explained in the accompanying Declaration of Joseph W. Crusham, Plaintiffs did not contact counsel for Federal Defendants in this case regarding the upcoming gather or their intent to file a TRO Motion, much less did they engage the good faith discussion required by the Local Rules. Crusham Decl. ¶¶ 5–6. Instead, in the context of trying to schedule a mediation in another case before this Court (Case No. 2:22-cv-01200-MMD-BNW) with different Department of Justice counsel appearing for the government, on October 4, 2024,

counsel for Plaintiffs asked whether BLM would postpone the Triple B Complex gather so that their clients would be able to attend the gather and the mediation, which was being proposed for early November. *Id.* ¶¶ 8–9 & Exhibit A.

This does not comply with Local Rule 7-4's requirement to meet and confer on emergency motions. For one, contacting counsel for the government in a separate case—neither of whom are counsel for Federal Defendants in this one—cannot satisfy the requirement to "communicate directly and in good faith" regarding Plaintiffs' TRO Motion. This action has been pending for over a year, and Plaintiffs' counsel is familiar with the Department of Justice attorneys assigned to this case. In fact, on September 30, 2024, Plaintiffs' counsel contacted counsel for Federal Defendants in this case regarding the pending Partial Motion to Dismiss/Motion to Strike filed that day. Crusham Decl. ¶ 11 & Exhibit B**.** In the course of those communications, Plaintiffs did not raise the upcoming gather, nor did they reveal their intention to file an emergency motion to enjoin it. *Id.* Additionally, Plaintiffs' October 4 email with counsel in Case No. 2:22-cv-01200-MMD-BNW was purely a scheduling request. It does not raise the prospect of an emergency motion to stop the gather, nor does it discuss the bases upon which Plaintiffs seek emergency relief in their TRO Motion. *See* Exhibit A.

Second, Plaintiffs' TRO Motion does not concern an "emergency" under Local Rule 7-4. The schedule identifying the November 1, 2024 date for Triple B is dated September 6, *see* ECF No. 60-1 at 101, and it was publicly posted to BLM's website on September 12, 2024. Crusham Decl. ¶ 14. Plaintiffs posted on their website about the September 6 schedule shortly after it was available, *id.*, and Plaintiffs' Third Amended Complaint makes clear they were aware of the gather date at least by September 16, 2024. ECF No. 58 ¶ 82. Additionally, a gather has been scheduled on the Triple B Complex since *last December*, as made clear by a schedule publicly posted on BLM's website of which Plaintiffs were aware at the time. Crusham Decl. ¶¶ 12–13. More fundamentally, the bases upon which Plaintiffs have moved are not specific to the upcoming Triple B Complex gather, but instead facially challenge the 2017 Environmental Assessment/gather decision in broad terms. Thus, Plaintiffs' request to prevent gathers under the

2017 Environmental Assessment/gather decision could have easily been brought as a non-emergency motion for a preliminary injunction at any time in the last year that this case has been pending.

The Local Rules provide that the Court can deny emergency motions that fail to comply with Local Rule 7-4. LR 7-4(c); *see also* LR IA 1-3(f)(4) ("Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion."). To the extent that the Court does not deny Plaintiffs' TRO Motion for the above deficiencies, the deficiencies demonstrate at the least that there is no basis for expediting the briefing on Plaintiffs' TRO Motion.

Dated: October 11, 2024

Respectfully submitted,
TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Joseph W. Crusham*
JOSEPH W. CRUSHAM, Trial Attorney
(CA Bar No. 324764)
Wildlife & Marine Resources Section
Phone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

PETER BROCKER, Trial Attorney
(NYS Bar No. 5385448)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 305-8636
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 11, 2024, I electronically filed and served the foregoing with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system, which will send notification of this filing to the attorneys of record.

*/s/ Joseph W. Crusham*
Joseph W. Crusham
Attorney for Federal Defendants
