TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

JOSEPH W. CRUSHAM, Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

PETER BROCKER, Senior Trial Attorney (NYS Bar No. 5385448)
Natural Resources Section
86 Chambers Street, 3rd Floor
New York, NY 10007
Phone: (212) 637-2804
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| WILD HORSE EDUCATION, and LAURA LEIGH, individually,<br><br>*Plaintiffs,*<br><br>v.<br><br>U.S. DEPARTMENT OF INTERIOR, BUREAU OF LAND MANAGEMENT, and JOHN RABY, in his official capacity as Nevada State Director of the Bureau of Land Management,<br><br>*Federal Defendants.* | Case No. 3:23-cv-00372-MMD-CLB<br><br>**FEDERAL DEFENDANTS' ANSWER TO FIFTH AMENDED COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants the United States Department of the Interior, the Bureau of Land Management ("BLM"), and Jon Raby, in his official capacity as Nevada State Director for BLM (collectively, "Federal Defendants"), submit the following Answer in response to Plaintiffs' Fifth Amended Complaint ("FAC"), ECF No. 70. The numbered paragraphs of this Answer correspond to the numbered paragraphs of

1

Plaintiffs' FAC.

1. The allegations in Paragraph 1 are characterizations of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 1.

2. The allegations in Paragraph 2 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 3.

4. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 4 and deny the allegations on that basis.

5. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 and deny the allegations on that basis.

6. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 and deny the allegations on that basis.

7. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 and deny the allegations on that basis.

8. Federal Defendants deny the allegations in Paragraph 8.

9. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 and deny the allegations on that basis.

10. Federal Defendants deny the allegations in Paragraph 10.

11. The allegations in Paragraph 11 are characterizations of Plaintiffs' case and are legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in Paragraph 11.

12. Federal Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 and deny the allegations on that basis.

13. Federal Defendants admit the allegations in Paragraph 13.

14. Federal Defendants admit the allegations in Paragraph 14.

15. Federal Defendants admit the allegations in the first sentence of Paragraph 15. Federal Defendants deny the allegations in the second sentence of Paragraph 15.

16. Federal Defendants admit that on December 21, 2017, BLM issued its Final Gather Plan and Environmental Assessment ("2017 EA"), Finding of No Significant Impact, and Decision Record for the Antelope and Triple B Complexes. The remaining allegations of Paragraph 16 purport to characterize these documents, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of these documents.

17. Federal Defendants deny the allegations in Paragraph 17.

18. Federal Defendants deny the allegations in Paragraph 18.

19. Federal Defendants deny the allegations in Paragraph 19.

20. Federal Defendants admit that Plaintiff Laura Leigh has previously engaged in litigation against BLM; the remaining allegations in Paragraph 20 are vague and ambiguous and Federal Defendants deny them on that basis.

21. The allegation in Paragraph 21 is a characterizations of Plaintiffs' action and is a legal conclusion, to which no response is required. To the extent a response is required, Federal Defendants deny the allegation in Paragraph 21.

22. The allegations of Paragraph 22 purport to characterize provisions of the Wild Free-Roaming Horses and Burros Act ("Wild Horse Act"), which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

23. The allegations of Paragraph 23 purport to characterize provisions of the Wild Horse Act and its implementing regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and regulations.

3

24. The allegations of Paragraph 24 purport to characterize provisions of the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

25. The allegations of Paragraph 25 purport to characterize provisions of the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

26. The allegations of Paragraph 26 purport to characterize provisions of Wild Horse Act regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations.

27. The allegations of Paragraph 27 purport to characterize provisions of the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute.

28. The allegations of Paragraph 28 purport to characterize provisions of a court opinion and the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion and the statute.

29. The allegations of Paragraph 29 purport to characterize provisions of Wild Horse Act regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations.

30. The allegations of Paragraph 30 purport to characterize provisions of the Wild Horse Act and two court opinions, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and the opinions.

31. The allegations of Paragraph 31 purport to characterize provisions of a court opinion and Wild Horse Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion and statute.

32. The allegations of Paragraph 32 purport to characterize provisions of a court opinion and the Wild Horse Act, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

33. The allegations of Paragraph 33 purport to characterize provisions of the Wild Horse Act and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and the opinion.

34. The allegations of Paragraph 34 purport to characterize provisions of the National Environmental Policy Act ("NEPA") and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and the opinion.

35. The allegations of Paragraph 35 purport to characterize provisions of a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

36. The allegations of Paragraph 36 purport to characterize provisions of NEPA and its regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and the regulations.

37. The allegations of Paragraph 37 purport to characterize provisions of NEPA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and the opinion.

38. The allegations of Paragraph 38 purport to characterize provisions of NEPA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and the opinion.

39. The allegations of Paragraph 39 purport to characterize provisions of NEPA regulations, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations.

40. The allegations of Paragraph 40 purport to characterize provisions of NEPA regulations and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the regulations and the opinion.

41. The allegations of Paragraph 41 purport to characterize provisions of a court opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

42. The allegations of Paragraph 42 purport to characterize provisions of the First Amendment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the First Amendment.

43. The allegations of Paragraph 43 purport to characterize provisions of a court opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

44. The allegations of Paragraph 44 purport to characterize provisions of a court opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny any allegations inconsistent with the plain language of the opinion.

45. Federal Defendants deny the allegations in Paragraph 45.

46. Federal Defendants admit the allegations in Paragraph 46.

47. The allegations of Paragraph 47 purport to characterize provisions of 2017 EA and Decision Record for the Antelope and Triple B Complexes Gather Plan, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA and Decision Record.

48. The allegations of Paragraph 48 purport to characterize provisions of the 2017 EA and unspecified BLM documents, which speak for themselves and are the best evidence of

their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA and any referenced BLM documents.

49. The allegations of Paragraph 49 appear to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

50. The allegations of Paragraph 50 appear to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

51. The allegations of Paragraph 51 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

52. Federal Defendants admit the allegations in Paragraph 52.

53. The allegations of Paragraph 53 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

54. The allegations of Paragraph 54 purport to characterize provisions of the 2017 EA and Decision Record, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA and the Decision Record.

55. Federal Defendants deny the allegations in Paragraph 55.

56. The allegations of Paragraph 56 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

57. The allegations of Paragraph 57 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

58. The allegations of Paragraph 58 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

59. The allegations of Paragraph 59 purport to characterize provisions of a literature review published by Western Watersheds Project, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the literature review.

60. The allegations of Paragraph 60 purport to characterize congressional testimony from the Executive Director of Western Watersheds Project, which speaks for itself and is the best evidence of its content. Federal Defendants deny any allegations inconsistent with the plain language of the literature review.

61. The allegations in Paragraph 61 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

62. The allegations of Paragraph 62 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

63. The allegations of Paragraph 63 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

64. The allegations of Paragraph 64 purport to characterize provisions of BLM's Instruction Memorandum ("IM") 2013-058, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the IM.

65. The allegations of Paragraph 65 purport to characterize provisions of the BLM's guidance on public viewing of horse gathers included within the 2017 EA, which speak for

themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

66. Federal Defendants admit the allegations in Paragraph 66.

67. Federal Defendants deny the allegations in Paragraph 67.

68. Federal Defendants deny the allegations in the first portion of Paragraph 68. The remaining allegations in Paragraph 68 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

69. Federal Defendants deny the allegations of Paragraph 69.

70. Federal Defendants admit that the BLM commenced a gather in the Triple B Complex on November 1, 2024, but aver that the goal is to remove 2,155 wild horses. That gather is still ongoing. The remaining allegations in Paragraph 70 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA.

71. Federal Defendants deny the allegations of Paragraph 71.

72. Federal Defendants deny the allegations of Paragraph 72.

73. Federal Defendants admit that Plaintiffs unsuccessfully moved the Court to enjoin BLM's gather operations in the Antelope and Triple B Complexes in 2023 and 2024. ECF Nos. 29 & 69. Federal Defendants deny the remaining allegations in Paragraph 73.

74. Federal Defendants deny the allegations of Paragraph 74.

75. Federal Defendants deny the allegations of Paragraph 75.

76. Federal Defendants deny the allegations of Paragraph 76.

77. Federal Defendants deny the allegations of Paragraph 77.

78. Federal Defendants deny the allegations of Paragraph 78.

79. Federal Defendants deny the allegations of Paragraph 79.

80. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

81. The allegations of Paragraph 81 purport to characterize provisions of the Wild Horse Act and a court opinion, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the statute and the opinion.

82. Federal Defendants deny the allegations of Paragraph 82.

83. Federal Defendants deny the allegations of Paragraph 83.

84. The allegations of the first sentence of Paragraph 84 purport to characterize provisions of the 2017 EA and Decision Record, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA and Decision. Federal Defendants deny the allegations of the second sentence of Paragraph 84.

85. The allegations in Paragraph 85 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

86. Federal Defendants deny the allegations of Paragraph 86.

87. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

88. Federal Defendants deny the allegations of Paragraph 88.

89. The allegations of the first sentence of Paragraph 89 purport to characterize provisions of the 2017 EA, which speak for themselves and are the best evidence of their contents. Federal Defendants deny any allegations inconsistent with the plain language of the 2017 EA. Federal Defendants deny the allegations of the second and third sentences of Paragraph 89.

90. Federal Defendants deny the allegations of Paragraph 90.

91. Federal Defendants deny the allegations of Paragraph 91.

92. Federal Defendants deny the allegations of Paragraph 92.

93. The allegations in Paragraph 93 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

94. Federal Defendants deny the allegations of Paragraph 94.

95. Federal Defendants deny the allegations of Paragraph 95.

96. Federal Defendants' responses to all preceding paragraphs are reasserted and incorporated herein by reference.

97. The allegations in Paragraph 97 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

98. The allegations in Paragraph 98 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

99. Federal Defendants deny the allegations of Paragraph 99.

100. The allegations in Paragraph 100 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

101. The allegations in Paragraph 101 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

102. The allegations in Paragraph 102 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

103. The allegations in Paragraph 103 state the nature of Plaintiffs' claims and legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny these allegations.

**PLAINTIFFS' REQUEST FOR RELIEF**

The remainder of Plaintiffs' FAC constitutes their requests for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

**GENERAL DENIAL**

Federal Defendants deny any allegations in Plaintiffs' FAC, whether express or implied, that are not specifically admitted, denied or qualified herein.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiffs failed to adequately identify one or more of their claims during the administrative process, thereby waiving or failing to exhaust such claim(s).
2. The Court lacks jurisdiction over some or all of Plaintiffs' claims.
3. Plaintiffs lack standing to bring some of all of their claims and to obtain some or all of the relief sought.
4. Plaintiffs have failed to allege facts that constitute a violation of law or otherwise to state a claim upon which relief may be granted.

Dated: November 26, 2024

Respectfully submitted,
TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

/s/ Joseph W. Crusham
JOSEPH W. CRUSHAM, Trial Attorney
(CA Bar No. 324764)
Wildlife & Marine Resources Section
Phone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

/s/ Peter W. Brocker
PETER BROCKER, Senior Trial Attorney
(NYS Bar No. 5385448)
Natural Resources Section
86 Chambers St., 3rd Floor

New York, NY 10007
Phone: (212) 637-2804
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 26, 2024, I filed the foregoing Answer to Plaintiffs' Complaint electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Peter W. Brocker
PETER W. BROCKER
U.S. Department of Justice