**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURA LEIGH, individually, and WILD HORSE EDUCATION, a non-profit corporation,<br><br>   *Plaintiffs*,<br><br>                v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT, and JON RABY, Nevada State Director of the Bureau of Land Management,<br><br>   *Federal Defendants*. | Case No. 3:23-cv-00372-MMD-CLB<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

      Pursuant to the Court's Order Setting Case Management Conference (ECF No. 73), Federal Rule of Civil Procedure 16, and Local Rule 16-1(c)(1), Plaintiffs Laura Leigh and Wild Horse Education, and Federal Defendants the United States Department of Interior, Bureau of Land Management ("BLM"), and Jon Raby, in his official capacity as Nevada State Director of BLM, (collectively "the Parties"), hereby submit a Joint Case Management Report for the above-captioned action. As required by the Court's Order, on December 3, 2024, the Parties telephonically met and conferred.

      1.    **Nature of the Case:** This case concerns BLM's 2017 Antelope and Triple B Complex Wild Horse Gather Plan and Environmental Assessment and the associated Finding

1

of No Significant Impact ("FONSI") and Decision Record. *See* Dkt. 70 ¶ 1. BLM issued these documents pursuant to the Wild Free-Roaming Horses and Burros Act, 16 U.S.C. § 1331, et seq., and the National Environmental Policy Act ("NEPA").

### a. Plaintiffs' Claims

Plaintiffs' Amended Complaint contains three causes of action based on Defendants' alleged violations of the Wild Free-Roaming Horses and Burros Act, NEPA, and the Administrative Procedure Act ("APA").

**First Cause of Action** – BLM violated the Wild Free-Roaming Horses and Burros Act when it adopted a phased, ten-year gather plan that is contrary to the WHBA's immediacy requirement. *See* 16 U.S.C. § 1333(b)(2) As such, BLM's issuance of the Decision Record violated the APA in that it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law or was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. *See* 5 U.S.C. § 706(2)(A) & (C).

**Second Cause of Action** – BLM violated NEPA by failing to take a "hard look" at the environmental consequences of the adopted gather plan and its alternatives. BLM's decision to rely on the 2017 EA was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, or was in excess of statutory jurisdiction, authority, or limitations, or short of statutory right. 5 U.S.C. § 706(2)(A) & (C). BLM also has unlawfully withheld supplemental evaluation of the adopted gather plan based on new circumstances or information. 5 U.S.C. § 706(1); 40 C.F.R. § 1509(c)(1)(ii)).

**Third Cause of Action** – Defendants unlawfully infringed upon Plaintiffs' right, under the First Amendment to the United States Constitution, to observe and document BLM's gather of the wild horses in the Antelope Complex, including during gather operations, in capture pens, sorting pens, temporary holding corrals, and off-range holding corrals where horses and burros are held for veterinary treatment and prepared for potential adoption or sale or to live at long-term holding facilities. Defendants have interfered with this right.

      **b. Federal Defendants' Defenses**

Federal Defendants deny that Plaintiffs have pled cognizable claims and deny that Plaintiffs are entitled to any relief.

2. **Jurisdiction:** Plaintiffs' asserted bases for federal jurisdiction are 5 U.S.C. § 706, 28 U.S.C. § 1331, and 28 U.S.C. § 1361.

3. **Additional Parties:** The Parties do not expect to add additional parties to the case or otherwise amend the pleadings at this time.

4. **Pending Motions:** There are no pending motions.

5. **Related Cases:** There are no cases related to this one.

6. **Discovery:** The Parties agree that this case will be resolved through judicial review of BLM's administrative record. Extra-record evidence, including the taking of discovery, is allowed only through limited exceptions and the Parties are not obligated to follow the Federal Rule of Civil Procedure 26 discovery process. Fed. R. Civ. P. 26(a)(1)(B)(i); D. Nev. Civ. R. 16-1(c)(1). The Parties have conferred, and neither Plaintiffs nor Federal Defendants intend at this time to seek discovery. If any Party decides to deviate from this plan and seek discovery, the Parties agree that leave of Court is required.

7. **ESI:** This section is inapplicable because this is a case for review on an administrative record.

8. **Scheduling Order**: Local Rule 16-1(c) provides that cases such as this one— "actions for review on an administrative record"—are to be "governed by an entry or an order establishing a briefing schedule and other appropriate matters." Accordingly, as set forth below, the Parties have agreed to a schedule for resolution of this action via cross-motions for summary judgment after submission of the administrative record by Federal Defendants. Moreover, to the extent that Plaintiffs seek to rely on extra-record evidence, the Parties have agreed to a schedule for informal resolution or, if necessary, briefing of any record disputes.

3

**Administrative Record**

- Federal Defendants shall file and service the certified administrative record[1] by April 4, 2025.
- Plaintiffs shall notify Federal Defendants whether they believe the administrative record is incomplete or requires supplementation with additional materials, whether they believe any exceptions to record review are applicable, and/or whether they believe there is need for any judicial review of materials outside the record, by April 18, 2025.
- The Parties shall consult about any and all issues related to the administrative record raised by Plaintiffs—including completeness and/or supplementation—and attempt to resolve any disputes by May 2, 2025.
- If the Parties cannot resolve any disputes regarding the administrative record, Plaintiffs will file a motion to complete and/or supplement the record by May 16, 2025.[2]
    - Federal Defendants' opposition will be due by June 6, 2025.
    - Plaintiffs' reply will be due by June 20, 2025.
- If Plaintiffs file a motion related to the administrative record, the Parties agree that the summary judgment schedule outlined below will be vacated.

**Cross-Motions Summary Judgment**

- If there are no administrative record disputes, the Parties agree to the following schedule for resolution of this case via cross-motions for summary judgment:
    - Plaintiffs shall file their Motion for Summary Judgment by June 6, 2025, which can be up 30 pages per LR 7-3(a).

---

[1] Federal Defendants will file the notice of lodging the administrative record through the CM/ECF system and lodge the administrative record with the Clerk of this Court in electronic format using USB flash drives, including a hyperlinked index. Federal Defendants will also send USB flash drives of the administrative record and index to Plaintiffs' counsel.

[2] Any such motion can only seek consideration of documents that Plaintiffs previously identified to Federal Defendants as part of the conferral process described above.

- Federal Defendants shall file their combined Cross-Motion for Summary Judgment and Opposition to Plaintiffs' Motion by July 25, 2025, which can be up to 30 pages per LR 7-3(a).
- Plaintiffs shall file their combined Reply to Federal Defendants' Opposition and Opposition to Federal Defendants' Motion by August 29, 2025, which can be up to 20 pages per LR 7-3(a).
- Federal Defendants shall file their Reply to Plaintiffs' Opposition by October 3, 2025, which can be up to 20 pages per LR 7-3(a).

9. **Jury Trial:** This section is inapplicable because this is a case for review on an administrative record.

10. **Settlement:** After meeting and conferring, the Parties do not anticipate that this matter will be resolved via settlement. Thus, the Parties do not believe that assignment of this case to a court-sponsored settlement conference is appropriate at this time. If settlement discussions do occur and counsel believe that there is a possibility that such discussions could be enhanced through such a conference, counsel will contact the Court.

11. **Magistrate Judge:** The Parties do not consent to a magistrate judge and would like to proceed before the district judge.

12. **Bifurcation:** The Parties do not request bifurcation or phasing of trial at this time.

13. **Case Management Conference**: The Parties do not request a case management conference be set for this case.

Respectfully submitted this 10th day of January, 2025.

TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*/s/ Joseph W. Crusham*
JOSEPH W. CRUSHAM, Trial Attorney

(CA Bar No. 324764)
Wildlife & Marine Resources Section
Phone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

PETER BROCKER, Trial Attorney
(NYS Bar No. 5385448)
Natural Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 305-8636
Email: peter.brocker@usdoj.gov

*Attorneys for Federal Defendants*

/s/ Jessica L. Blome
JESSICA L. BLOME
(California Bar No. 314898, pro hac vice)
J. RAE LOVKO
(California Bar No. 208855), pro hac vice vice)
GREENFIRE LAW, PC
2748 Adeline Street, Suite A
Berkeley, CA 94703
(510) 900-9502
jblome@greenfirelaw.com
rlovko@greenfirelaw.com

*Attorneys for Plaintiffs*